( WRIT OF CORAM NOBIS )
( MANDAMUS )

RE:
STATE OF ALABAMA

-V-

MARVIN THOMPSON

FOR: UNITED STATES DISTRICT
COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 APR -9 A 10: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RE:
CC- 06-339

3:07CV299-mht

*See Pearson, 990*
*F.2d at 656; See Martin*
*e.g. 10 re*
*Catala 128.F3d*
*233,247*
*(1st Cir 1990)*

NOW COMES THE PETITIONER [MARVIN THOMPSON]

THE PETITIONER IN ACCORDANCE WITH THE FRCRP(12)b PRE-TRIAL MOTIONS(1)(2)(3)(A,B,C,D,E,)(4)(A,B,C,D,E,F,G,H,) DOES REQUEST AN ORDER TO ISSUE OR COMPEL THE COURT(JUDGES,TOM.F.YOUNG,MARTIN,& PERRYMAN)AND THE STATES PROSECUTOR TO ANSWER PETITIONERS/HIS PREVIOUS COUNSELS MOTIONS OF, (1) DISMISSAL OF COURT APPOINTED COUNSEL (2)MOTION'S FOR DISCOVERY (3) MOTION FOR HANDWRITING EXPERT.(4) MOTION FOR ALL BRADY MATERIAL (5) MOTION FOR ALL JENCKS MATERIAL(6) MOTION TO RELEASE VIDEO TAPED EVIDENCE, OF THE ALLEDGED CRIME SCENE.

THE CLEAR ENTITLEMENT TO THE RELIEF REQUESTED RESTS UPON THE PETITIONERS CONSTITUTIONAL RIGHT TO DUE PROCESS THE PRETEXTUAL STOP BY LAW ENFORCEMENT OFFICERS WOOD AND CLARK FOR THE ALLEDGED VIOLATION. THE FAILURE TO REQUEST THE PETITIONERS DRIVERS LICENSE & PROOF OF INSURANCE.

THE TERRY SEARCH,WHICH PRODUCED NO ILLEGAL SUBTANCES OR ITEMS.

THE CONTINUED UNLAWFUL DETAINER,AMOUNTING TO SEIZURE OF DEFENDANT AND HIS PASSENGER.THE CONTINUED RESTRAINT OF PETITIONER AND THE EMPTYING OF HIS POCKETS.THE SEIZURE AND REMOVAL OF PETITIONERS PASSENGER AGAINST HIS PEACEFUL RESPONSE TO HER ABOUT EXITING THE VEHICLE.

PETITIONER WAS UNLAWFULLY SEIZED AND ARRESTED FOR A FALSE CHARGE AND HIS VEHICLE ILLEGALLY SEARCHED AND IMPOUNDED.

RE:                          (WRIT OF CORAM NOBIS  )           RE:CC-06-339
STATE OF ALABAMA             (      MANDAMUS       )           CHAMBERS COUNTY
                             (                     )           CIRCUIT COURT
   -V-                          RECEIVED                       LAFAYETTE, AL 36863

MARVIN THOMPSON                 2007 APR -9  A 10: 24

                                DEBRA P. HACKETT, CLK
                                U.S. DISTRICT COURT
                                MIDDLE DISTRICT ALA

FOR THE UNITED STATES DISTRICT COURT

   MIDDLE DISTRICT OF ALABAMA ALABAMA


COMES NOW THE PETITIONER:

IN THE FORGOING CASE STYLED ABOVE THE PETITIONER MOVES UPON THIS MOST HONORABLE COURT PRO'SE, DUE TO THE CIRCUIT COURTS REFUSAL TO APPOINT HIM ADEQUATE AND EFFECTIVE LEGAL REPRESENTATION. PETITIONER PREVIOUS PAID COUNSEL THAT WAS ALLOWED TO WITHDRAW WRONGLY BY THE COURT DID PRIOR TO WITHDRAWING FILE A MOTION FOR DISCOVERY FOR SEVERAL ITEMS. THE PROSECUTION FAILED TO DISCLOSE MATERIAL TO COUNSEL AND CONTINUES TO REFUSE ALONG WITH THE COURTS REFUSAL TO RENDER RULING ON PETIONERS MOTIONS THAT HE HAS BEEN FORCED TO SUBMIT. U.S. v. HORN 29F3d 754,27 FED R-SEN 3d 1525 DOUGHTY 6F3d at 685. PETITIONER MEETS THE STANDARD AND STATES THAT THE RISKS OF HARM WHEREBY ALLOWING TAINTED EVIDENCE TO PROCEED TO TRIAL, COUPLED WITH THE UNLAWFUL SEIZURE, ARREST AND SEARCH OF PETITIONERS VEHICLE, WITHOUT PROBABLE CAUSE OR REASONABLE SUSPICION WILL CAUSE IRREPARABLE HARM TO A FAIR TRIAL AND PLACES HIM AT UNDUE RISK OF VIOLATION AND FAIR JUDICIAL REMEDY. THE MOTION TO SUPRESS AND THE HEARING FOR SAME SUPPORTS PETITIONERS DUE PROCESS RIGHTS.

JUDGE TOM.F.YOUNG HAS INDICATED PER DICUSSION WITH THE COURT CLERK THAT HE HAS NO INTENTION ON ISSUING A RULING WELL IN ADVANCE FOR TRIAL SET FOR **APRIL,30,2007**. PETITIONER IS RESPECTFULLY REQUESTING THIS COURT RULE ON BEHALF OF THE TIME SENSITIVE CIRCUMSTANCES AND COMPEL THE CIRCUIT COURT TO COMPLY UNDER THIS WRIT. PETITIONER IS TECHINALLY WITHOUT EFFECTIVE COUNSEL AND HAS INFORMED THE COURT THAT COUNSEL REFUSES TO CORRESPOND WITH PETITIONER AND CONTINUES TO LEAVE PETITIONER WITHOUT DUE PROCESS.

1 of 1

## STATEMENT OF THE ISSUES

### THE PETITIONERS CASE

The case began No. 17th 2005 since that time the Circuit Court and itsstate prosecutor have denied <u>due process</u>. See Discovery motion of <u>X-Attorney for petitoner Brent L. Dean</u>. Attached, the prosecutor refused to comply with the rules under Brady-v-Maryland, and to date still does not comply. The <u>X</u> <u>Attorney</u> <u>Brent L. DEAN</u> through greed and frustration by the Clerk. Submitted a motion to withdraw from representing petitioner. Petitioner had written several letters to his then <u>Attorny Dean</u> requesting he follow through on his duty to file a motion for hearing for suppression of evidence, illegally allegedly obtained from petitioners vehicle on 11/17/05, and to file a motion for fast and speedy trial. He did not. And he did not, and further violated petitioner by abandoning him and refusing to honor his agreement to represent petitioner for the fee he, the petitoner paid up front and promised to complete as soon as he could with the help of his fiance. Judge Tom F. Young The Judge presently in charge of petitioners case, allowed Mr.Dean to withdraw without any contact with petitioner and anything other than counsel's word that petitioner hadn't paid him, leaving petitioner without counsel during a very crucial time in his pretrial proceedings, petitioner wrote Judge Young and filed a motion to appoint him counsel also and informed him that Attorney Dean MIS- represented the Truth to him, about his and petitioners agreement. This pleading fell on deaf ears, and Judge Young proceeded to appoint an Attorney Roland Sledge, an Attorney

## STATEMENT OF THE ISSUES

PAGE (**1** Of **3**)

that had previously represented a client against petitioner and lost. Attorney Sledge's representation was severely lacking in adequacy and effectiveness and he ultimately lost the case, his unprofessional and slothful ineffective attitude towards his Client left petitioner with all the evidence he needed to win and to establish that he never would allow him to represent him or use his services, petitoner, filed a letter of inquiry to the Court Specifically <u>Judge</u> <u>Tom</u> <u>F.</u> <u>Young</u> and Roland Sledge regarding the conflict of interest. This letter was not responded to the petitioner has on several occasions called and written the Courts appointed Counsel Roland Sledge. True to form, Attorney Sledge is never in his office, <u>OR</u> NEVER is available when petitioner calls. This being at differing times of the day and never responds to petitioners letters. Attorney Sledge did file a continuance in Circuit Court without first consulting with petitioner and against petitioner's desire. Petitioner never surrendered his speedy trial right and informed the Court that he did not seek a continuance, the Court set the case for Jury trial Approx 1 week and someday's after appointing attorney sledge. Knowing that petitoner had no phone number or address to contact him and Rolane Sledge never made any attempt to  contact petitioner the COurt has deliberatly forced petitioner to be without effective & adequate legal representation and violated petitioners due process rights under the sixth Amendment. Petitioner has through the Federal Bureau of prisons twice submitted what must amount to motion for fast and speedy

trial the arrest warrant and indictment are well over 6 months old. Petitioners has filed at least (5) motions that the Court Judge Tom F. Young, Judges Perryman & Martin have refused to rule upon or give response to petitioner on. This writ seeks to resolve these issues and the interlocutary litigation arising out of the 18 months old case. This case and the repercussions it's caused are not only criminal , but does violate , the Petitoners Constitutional rights almost totaly. This writ further seeks toaddress the actions of a corrupt law enforcement official that has been terminated for behavior that compares to the behavior against petitioner and several other citizens in the same area. See Attached article. Petitioner has met his Burden. Clear entitlement & undisputable right to relief. Rearson, 990 F2d Martinez-Catala 129 F3d 213. (1st Cir. 1999)

Done This Day
April 5th 2007
Marvin Thompson



Mr. Marion Thompson 84302-020
Oakdale federal Correctional institution
P.O. Box 5000 / Vernon II Unit
Oakdale L.A. 71463

STATE OF ALABAMA
  Plaintiff-Appellee

V.

MARVIN THOMPSON
  Defendant-Appellant

(ADD ADDENDUM)

(MOTION FOR DISCOVERY)

RECEIVED
2007 APR -9 A 10: 24
DEBRA P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case: CC-06-339

**Comes now** that the defendant Marvin Thompson does move pro se upon this most honorable Court for Discovery.

1) Copies of the city of Lanetts' standard operating procedure for, traffic violations/parking violations to include the Standard Inventory Procedure on record for its officers, and when such procedure was inacted and made availabe for all city police officers.

2) A copy of the inventory report taken from the Inventory of Defendants' vehicle and the copy of items shown on that list in the passengers' purse, which was left in the vehicle during investigational search.

3) Original arrest report showing amount of drugs seized, <u>the chain of custody report</u>, amount sent for analysis, total amount remaining.

4) Finger-Print analysis results from the confiscated items including the ones lifted from the "alleged" bag.

5) States witness list for trial proceedings (exculpatory reasons) and the name of the officer whose ticket book was "borrowed" by Wood, for the Ticket alleged to have been issued November 17th, 2005, (Ticket # 7950774)

6) Requests for the video tape to be turned over to defendant or the legal representative of his choosing. For an attempted reconstruction of the tape and any salvagable portion of the alleged damaged evidence contained in/on the tape of the events from the arrest on November 17th, 2005.

*Marvin Thompson*

*2nd Copy Sent*
*3/26/07*

STATE of ALABAMA

V.   Case No. #CC-06-339

MARVIN C. THOMPSON

MOTION TO COMPEL DISCOVERY

COMES NOW, that the Defendant Marvin C. Thompson pursuant to the Ala Rules of Criminal Procedure, and the Defendant's due process rights; according to Brady v. Maryland, and these supporting cases does move upon this Court to Compel the States Prosecutor to disclose, the Information in all the Defendants' Motions' that have been sent, and that Ex-Attorney Brent Dean did file prior to his withdrawl from the Defendants' case.

The Clerk of Court Charles Storys office has received all the Defendant's motions and was responsible for forwarding Stamping received on Motions and sending Defendant a response of stamped received, the motions, Defendant has not recieved any correspondence, Since his motion to dismiss was sent to him from the Clerk by Judge T. Young, Defendants' respectfully requests that all Motions received be sent to him, ASAP stamped verified the Clerk receipt and that they were forwarded to the Judges Perryman, Martin and the Prosecution.

Collie v. Davis, 301 F3d 843 (7th Cir. 2002)
According to Brady the prosecution must disclose exculpatory evidenced if it is both favorable and material to the Defense.
Bailey v. Rae, even an inadvertent failure to disclose information may constitute a Brady violation.
Strickler v. Greene, 527 US 263 144 LEd 286. 119 S.Ct 1936 (1998)
deliberate concealment (Brady Material)
Paradis v. Arave, 204 F.3d 1169 (9th Cir.)
Extends to impeachment evidence that was not request by the Defense.
US v. Patrick, 248 F.3d 11 (1st Cir. 2001)
Guidence relating to impeachment of prosecution witness is deemed to be exculpatory within meaning of Brady Rule.
McCambridge v. Hall, 266 F.3d 12 (1st Cir. 2001)
US. J. 297 F.3d 93 (2nd Cir. 2002)
Brady material must be disclosed in time for its effective use at trial.
Lambert v. Blackwell, 387 F.3d 210 (3rd Cir. 2004)
Impeachment evidence as well as exculpatory evidence falls within the Brady rule, because such evidence falls within the Brady Rule, because such evidence is evidence favorable to the accused.

Dated this 26th Day of March, 2007

signed: *Marvin C. Thompson*

## MOTION TO DISMISS ALL CHARGES

RECEIVED
2007 APR -9 A 10: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NOW COMES the issue, Defendant Marvin Thompson, brings forth to this Court, for Dismissal of all charges, for the following reasons:

1) Defendant's **1st Amendment rights violated**, when exercising his constitutional right to freedom of speech when informing his passenger occupant of her Constitutional right to remain silent as well as remain in the vehicle if she wanted to.

2) Defendants **4th Amendment** right violated when he was ordered to empty his pockets by officer Clark after being Terry Searched and no weapons or contraband found. Upon the accounting of events from the period when the search of the Defendant ended. The Defendant was detained by Officer Clark, then instructed to stand in front of their police cruiser (vehicle) until and at which time Lt. Steven Woods approached the passengers side of my vehicle and instructed my occupant, Sylvia Banks, to roll down the window, another act of seizure; to include instructing her then ordering her out of the vehicle with the threat of arrest for non-compliance. Defendant never moved from Officer Clarkes custody and only exercised his **1st Amendment** right, informing his occupant that "she did not have to answer any questions nor to leave the vehicle if she felt it unsafe to do so."

3) Defendants **4th & 8th Amendment** right violated, when he was placed under arrest for acts he did not commit. (a) destruction of evidence, (video & audio taped proceedings of the event, humiliation of having to see his fiance violated by those frisk searching her by Lt. Woods, and being asked by Lt. Woods if he could search my vehicle. I had answered him in the negative, then he used the opportunity and tactic of Delay and Impounding illegally my vehicle refusing to allow my fiance passenger to drive it home, so the legalities of the arrest could be first acertained, and probed.

4) Defendants **14th Amendment** violation, when his due process right to be free from unlawfully being detained, and free from retalitory behavior on the part of Lt. Woods and Officer Clark. Also by searching defendant and his occupant without probable cause. Using a Jimmy device to gain entry after not having a warrant or probable cause, refusing to allow my passenger the opportunity to remove my vehicle from the side of the road, not writing a traffic citation the entire time while at the scene of the alleged crime, never presenting a traffic citation at anytime to the defendant for signature or refusal to sign

These are the factors which Warrant the request for the Immediate Dismissal of the Warrant Indictment and charges against this Defendant with prejudice. The Defendent prays this most Honorable Court will seriously review the Motion and relieve the Court and Public of this unjust burden of malicious prosecution. See Attached

Respectfully Submitted,

_____
MARVIN THOMPSON

STATE OF ALABAMA CHAMBERS COUNTY COURT

RECEIVED

2007 APR -9  A 10: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

STATE OF ALABAMA

V.

MARVIN C. THOMPSON

§ Case NO: 06-339

### MOTION REQUESTING HANDWRITING EXPERT

COMES NOW, THAT THIS INDIGENT DEFENDANT filing pro se and with good cause does move upon this Most Honorable District Court for an order authorizing a hand-writing expert to be brought in to examine the signature on the traffic citation (#7950774) a ticket arising out of the traffic stop in the foregoing case. Defendant is requesting this order pursuant to his due process rights and to verify the validity of the Defendants signature on the citation. Due to the destruction of evidence (video and audio tape of the Nov. 17th 2005 traffic stop and unlawful seizure and search of the Defendant and his passenger). That could have proven that Defendant was never issued nor signed a citation at the scene establishing perjury and forgery by the Officers actions.

Respectfully submitted,

Signed: *Marvin Thompson*
Date: *March '07*

_____

MARVIN C. THOMPSON

DISTRICT COURT of CHAMBERS COUNTY, ALABAMA

STATE OF ALABAMA  
  Plaintiff

v.

MARVIN C. THOMPSON  
  Defendant

RECEIVED  
2007 APR -9 A 10: 24  
DEBRA P. HACKETT, CLK  
U.S. DISTRICT COURT  
MIDDLE DISTRICT ALA

Case No. 06 - 339

MOTION TO DISMISS COURT APPOINTED  
COUNSEL, REQUEST FOR NEW ATTORNEY

TO: Circuit Court Clerk  
    Charles Story  
    Judges: Martin & Perryman

COMES NOW, that the Defendant in the above styled case does move pro se seeking to dismiss Attorney Roland Sledge as Counsel for Defendant. Since appoint of counsel over 3 weeks, counsel has not returned a response letter to Defendant, has not answered his phone or returned a response letter to Defendant, has not answered his phone, or returned written response from messages left on his phone, Defendant already had a possible conflict with this Attorney in that he represented a Defendant against Plaintiff named herein Defendant, his representation in this Defendant opinion fell way below reasonable standards even then as defense counsel in that civil matter and he ultimately lost the case, Defendant pursued information up on this fact by letter over 3 weeks ago in efforts to have counsel consider said conflict and excuse himself, Defendant has had no reply nor has this Attorney responded to the discovery issues sent to him by the Clerk of Circuit Court concerning Defendants Motion, Defendant does not feel this Attorney will adequately represent him should this case continue to trial and does move upon this Court as a matter of due process and fairness to appoint the Defendant new court appointed counsel, and respectfully request the name address and phone number of this Attorney and copies of all Defendants Motions be given to him/her and one copy of the Motions given to him or her sent back to Plaintiff stamped received, thank you for your help in this matter.  
Sincerely,

                                                  MARVIN C. THOMPSON Reg. No. 84302 - 020

STATE OF ALABAMA CHAMBERS COUNTY COURT

RECEIVED

| | | |
|---|---|---|
| STATE OF ALABAMA | 2007 APR -9 A 10: 24 § | Case No: 06 - 339 |
| | DEBRA P. HACKETT, CLK § | |
| | U.S. DISTRICT COURT § | |
| MARVIN C. THOMPSON | MIDDLE DISTRICT ALA § | |

## MOTION REQUEST FOR DOCKET SHEET TO BE
## TO BE SENT TO INDIGENT DEFENDANT
### FILING PRO SE

COMES NOW, that this Defendant does move upon this most Honorable District Court, for a copy of the Docket Sheet held by the Clerks office, of all entries made thereupon, concerning the above styled case number. Defendant also requests that the Court order the Clerk to send requested discovery items in the past motion sent and this present add addendum, Motion for discovery also.

Respectfully submitted,

The Defendant,

*[signature]*
Marvin C. Thompson

# RESEARCH CASE'S TO ESTABLISH 4TH AMENDMENT VIOLATIONS

## ATTENUATION DOCTRINE

U.S. v. DESSESAURE, 78 CrL 293 (1st Cir. 2005)

## K-9 DRUG CASES

U.S. v. LEON, 468 U.S. 897 (1984)
MASSACHUSETTS v. SHEPPARD, 468 U.S. 981 (1984)
U.S. v. MCGOUGH, 412 F.3d 1232 (11th Cir2005)
U.S. v. WANLESS, 882 F.2d 1459 (9th Cir. 1989)
U.S. v. DAVIS, 6th Cir. No. 03-1451  11/22/05
TERRY v. OHIO, 392 U.S. 1 (1968)
U.S. v. TEEMER, 394 F.3d
U.S. v. HENDRICKS, 319 F.3d
U.S. v. MASON, 233 F.3d
U.S. v. HOPE, 102 F.3d
LOFTON v. WHITLEY, 905 F.2d (5th Cir.)
68 am, jur-pru 326

## 14th AMENDMENT DUE PROCESS

F.2d 848/661

FRCrP 26.2

## SUPPRESSION

403 U.S. 425
OLMSTEAD v. U.S., 277, 469, 471, 72
BARKER v. WINGO, 407 U.S. 514-92 SCT. 2182
DOGGETT v. U.S., U.S. 112 S.Ct. 2686-2690
U.S. v. MACDONALD, 456 U.S. 102 S.Ct 1497- 1501
DILLINGHAM v. U.S., 423/U.S. 64 Sct. 303, 461 Led 2d. 205