| | | |
|---|---|---|
| STATE OF ALABAMA | WRIT OF CORAM NOBIS | RE:CA# 06-339 |
| -V- | MANDAMUS | |
| MARVIN.C.THOMPSON | SUPPORTING EVIDENCE | |

RECEIVED 2007 APR 13 A 9:20

D. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PETITIONER RESPECTFULLY COMES NOW:

WITH DOCUMENTATION OF ADDITIONAL VERIFICATION SUPPORTING HIS REQUEST FOR WRIT OF CORAM NOBIS MANDAMUS. PLEASE FIND ENCLOSRD DEFENDANTS MOTION FOR SUPPRESSION OF EVIDENCE AND DISCOVERY THE ORIGINAL DISCOVERY MOTION FILED BY PREVIOUS PAID COUNSEL. ALSO FIND ENCLOSED A COPY OF THE ORIGINAL INDICTMENT PLEASE NOTICE THE DATE AND SOLE WITNESSES NAME, THE ADDITIONAL INFORMATION SPEAKS TO THE ISSUE OF THE TRAFFIC CITATION THAT DISCOVERY HAS BEEN REQUESTED FOR REGARDING FORGERY, AND EXCULPATORY EVIDENCE NESCESSARY TO IMPEACH PROSECUTIONS WITNESS AND OR ANY GRAND FABRICATED TESTIMONY MADE TO THE GRAND JURY BY LT.WOOD OR THE PROSECUTION. FINALLY THE SECOND AND FINAL REQUEST MADE ON BEHALF OF THE DEFENDANT BY THE FEDRERAL BUREAU OF PRISONS HERE AT THIS FACILITY THAT MUST BE CONSTRUED AS THE DEFENDANTS REQUEST FOR FAST AND SPEEDY TRIAL. PLEASE ACCEPT THESE DOCUMENTS AS FURTHER EVIDENCE AND SUPPORT FOR DEFENDANTS POSITION AND GRANT HIS MOTION FOR THE WRIT.

DONE THIS DAY April 9th 2007
SIGNED _Marvin Thompson_

Mr. Mo[redacted]
Oakdale Federal Correctional [Complex]
P.O Box 5000 / Vernon II unit
Oakdale L.A. 71463

United States District Court
office of the Clerk
P.O Box 711
Montgomery, MA 36101-0711

INDICTMENT

# THE STATE OF ALABAMA, CHAMBERS COUNTY

## CIRCUIT COURT, FALL TERM, 2006

1. The Grand Jury of Said County charges that before the finding of this Indictment, Marvin Crawford Thompson, alias; whose name is otherwise unknown to the Grand Jury, did unlawfully possess a controlled substance, to-wit: cocaine, in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama.

2. The Grand Jury of Said County further charges that before the finding of this Indictment, Marvin Crawford Thompson, alias, whose name is otherwise unknown to the Grand Jury, did by means of intimidation, physical force or interference or by another independently unlawful act, intentionally obstruct, impair or hinder the administration of law or other governmental function by, to-wit: by instructing another person not to exit the car as Lt. Johnny Wood was instructing her to do, in violation of Section 13A-10-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

District Attorney of the Fifth Judicial Circuit

INDICTMENT

Grand Jury No. 572,692

A TRUE BILL:—— _Jennifer Wilson_
Foreman Grand Jury

Filed in open Court on the _____ day of AUG 2 5 2006, 20___

in the presence of the Grand Jury, _Charles W. Story_
Clerk

Presented to the presiding Judge in open Court by the Foreman of the Grand Jury, in the presence of 17 other Grand Jurors, and filed by order of the Court this ___ day of AUG 2 5 2006, 20___ _Charles W. Story_
Clerk

Bail fixed at $ 6,000.00 TOTAL (EACH)

this 25 day of August, 20 06 _[signature]_
Judge Presiding

---

No. CC06-339

THE STATE OF ALABAMA

CHAMBERS COUNTY

CIRCUIT COURT

FALL Term, 20 06

THE STATE
vs.
MARVIN THOMPSON, ALIAS

INDICTMENT

UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE
OBSTRUCTING A GOVERNMENTAL OPERATION

No Prosecutor

WITNESSES:

STEVEN WOOD

---

THE STATE OF ALABAMA

_____ COUNTY

Circuit Court,_____ Term, 20___

**To the Sheriff of said County:**
I hereby certify that this is a true and complete copy of the Indictment presented to the Court by the Grand Jury of Said County against _____

charged with _____
together with all endorsements on said Indictment, and that the trial is set for _____, 20___
or _____
his counsel.

Witness my hand, this _____, 20___
_____, Clerk

I hereby certify that I have received above stated copy of Indictment from the Circuit Court Clerk of said County and served same on _____, 20___
at _____ o'clock _____ M., _____, Sheriff
_____, D.S.

2/6/06.         Conversation with Judge Milford.

On Monday I went to the Chambers County courthouse clerks office where I could recieve a copy of the supposed ticket I was issued on 11/17/05, when I recieved this ticket I noticed that the signature did not look like my handwriting, I left went to my attorneys office MR Brent Dean, he wasn't in so before I left Lafayette I went back to the clerks office to see if I could get a copy of the court docket for the day I was supposed to been in court. While approaching the office I saw Judge Milford, I asked him could I speak with him he said yes, I spoke to him about the warrant that he signed and told him about the ticket I was told I got that I never got and how my license had been suspended and kept by Lt Woods, he stated that some how that ticket might have slipped through the crack, I assumed he meant that if it was in Lanett, it should have been sent up with the obstruction charge ~~obstruction charge~~ that my attorney filed the motion to have done, he told me to tell April to recall the warrant call Montgomery and have them reinstate my D.L. and call Lanett P.D. and tell them to hold my DL that I would be coming to get them, give them back to me. End of statement signed Marwin Thomps

```
SC01             ON-LINE CASE ACTION SUMMARY COUNTY: 12 CHAMBERS     OFFICE: 1      OCSOS0

CASE NUMBER: TR 2005 200721 00    TRANS DATE/TIME: 00000000 0000    JID: MCM
STYLE/NAME: STATE OF ALABAMA  VS  THOMPSON MARVIN CRAWFORD                FC PRNTR: N

ACT   DATE     TIME CODE |----------------------- COMMENTS -----------------------|  OPE
--------------------------------------------------------------------------------------
      12062005 0746 NOTF NOTICE FLAG SET TO: "N"                              (TR01) APC
      12062005 0746 RU20 RULE 20 STATUS OF: GUILTY PLEA ASSIGNED              (TR01) APC
      12062005 0746 FINE DEFENDANT SCHEDULED FINE:         530.00            (TR01) APC
      12062005 0746 DATE SET FOR: PLEA DOCKET ON 01/10/2006 @ 0900A           (TR01) APC
      12062005 0746 ARRS DEFENDANT ARRESTED ON: 11/17/2005                    (TR01) APC
      12062005 0746 COST DEFENDANT COST:         $176.00                      (TR01) APC
      12062005 0746 FILE FILED ON: 12/05/2005 CHARGE: PROHIBITED STOPPING      APC
      12062005 0746 STAT INITIAL STATUS SET TO: "B" FOR BOND                  (TR01) APC
      12062005 0746 ESTS ENF STATUS SET TO: "A"                               (TR01) APC
      01242006 1139 SUSN SUSPENSION NOTICE ISSUED                             (TR03) APC
      01242006 1139 AWAR ALIAS WARRANT ISSUED   *                             (TR03) APC
      02062006 1049 ARCL ALIAS WARRANT RECALLED *                             (TR03) APC
      03092006 1055 ESTS ENF STATUS CHANGED FROM: "A" TO: "N"                 (TR01) APC
--------------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE FILE    ***
01=MNU 02=OCS 03=NOX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=OOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF                24=HLP
DATE: 02/07/2006  TIME: 15:26:13  USER:A412     TERM:A412FRLY
```

ORIGINAL

TRF954        ALABAMA JUDICIAL DATA CENTER
              DISTRICT COURT OF CHAMBERS COUNTY
                   ALIAS WARRANT        TR 2005 200722.00
                                        JID: M CALVIN MILFORD JR

THE STATE OF ALABAMA      VS THOMPSON MARVIN CRAWFORD
TO ANY LAW ENFORCEMENT OFFICER:
YOU ARE HEREBY COMMANDED TO ARREST: THOMPSON MARVIN CRAWFORD
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: PROHIBITED STOPPIN ISSUED ON 11/17/2005.
WITNESS MY HAND THIS   JANUARY 24, 2006.

BOND SET AT:                           JUDGE/CLERK/MAGISTRATE

DEFENDANT'S ADDRESS:              DEFENDANT'S DESCRIPTION:
2268 15TH AVENUE SOUTHWES         HT: 510   WT: 212
                                  HAIR: BLK  EYE: BRO
LANETT        , AL 36863 0000     BIRTH DATE: 11/12/1960
                                  RACE: B    SEX: M
SSN: 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      DL: AL 4509158

EMPLOYER: _____         PHONE NO: (000) 000-0000
TICKET NUMBER: M 7950774          AGENCY/OFFICER: 0120200/S WOOD

NOTE:

OFFICERS RETURN:
RECEIVED ON _____
EXECUTED ON _____       BY: _____
( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER _____

SHERIFF _____           OFFICER _____

OPERATOR: APC
PREPARED: 01/24/2006

BP-S394.058 **DETAINER ACTION LETTER** CDFRM
MAR 03

**U.S. DEPARTMENT OF JUSTICE**             FEDERAL BUREAU OF PRISONS

| Chambers County Sheriff's Department<br>Attn: Warrant Division<br>2 Lafayette Street<br>Lafayette, AL 36862 | FCI OAKDALE<br>P.O. BOX 5050<br>OAKDALE, LA 71463-5050 | | |
|---|---|---|---|
| | *02-28-2007* | | |
| Case # | Inmate's Name<br>Thompson, Marvin Crawford | Fed Reg No.<br>84302-020 | DOB/SEX/RACE<br>11-12-1960 B/M |
| Aliases | | Other No. FBI: 947004V11<br>SSN: 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 | |

*Second and Final Request*

This office is in receipt of the following report: **CLERK'S OFFICE INDICATES PENDING CHARGES FOR OBSTRUCTING A GOVERNMENTAL OPERATION AND UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE.** Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

*Refuse to Respond or Lodge detainer, prosecutorial tactic to deny appearant 6th amend [illegible] of speedy trial. (NO)*

Sincerely,

Donnie Veillon
Legal Instruments Examiner
(318) 335-4070, EXT. 4180
FAX (318) 215-2688

```
TR01     TRAFFIC FILE MAINTENANCE              COUNTY: LC CHAMBERS      /FTTRUE
ACTION:     CASE: TR 2005 200771 00 JID: MCM UTC: N 7580771 DEFSTS: F FTA
DLNS: AL H609158              VDESC: GRAND PRIX  FLAG: N ENF STS: A CONFID: N
NAME: THOMPSON MARVIN CRAWFORD          ALIAS:
ADD1: 2065 15TH AVENUE SOUTHWES        SEX: M RACE: B DOB: 11101960 SSN: 471901828
ADD2:                                  HGT: 5 10  WGT: 210   EYES: BRO  HAIR: BLK
  ZIP: 36863 0000 CITY: LANETT         ST: AL  COUNTRY: US  PHONE: 000 000 0000
                                       CLS: A   HAZ: N COM: N  VEH: AL 2002 1084217
ARRDT: 11172005 FILED: 12052005 OFF: 5 W309       ACCY: 0102006 TYPE: N CITY: 00
ATTORN:         TYPE:      FLAG: N                             CITY:
 DATE1: 01062006 D: 001 TIME: 0400 A/PM: A DESC: PLEA PLEA DOCKET
CHARGE: 7037 DESC: PROHIBITED STOPPING  CITE: 032-05A-127                SC: G
  SPEED: 000 LIMIT: 00 BAC: 000 END: 00000000  ENDCO:           SURE:
FTA DT: 00000000 RELEASED: 00000000      ADMIN DATE: 00000000
-----------------------------------------------------------------------------
ORIACT:                       CADTE: 00000000 APPEAL: 00000000  00000000000
CHARGE:        DESC:                   CITE:
  FINE: 000003000  FINC:      LSUS:      CVCC:       HIST:      REST:    RECOUP:
  COST: 000017600  COST:        OTHER DUE: 000002200    JFEE:         HEAD:
COMMENT:
CMP: N SPRO: N DUE: 000022800 WAR: A COLSTS: A FS: N UPDATED: 01242006 BY: APD
*** HERE IS THE REQUESTED RECORD ***
01=MNU 02=TRF 03=NDX 04=PTY 05=CLR 06=DOS 07=DNT 08=ENT 09=ADS 10=FEE 11=DIS
12=BNT 13=CUP 14=NXD 15=NXN 16=NXU 17=FRM 18=VRB 19=SCR 20=OFF 23=PFM 24=HLP
DATE: 02/06/2006 TIME: 10:31:06 USER:A410      TERM:A410FRLY
```

IN THE DISTRICT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA ) | CASE NO:DC-2005-200685 |
| ) | |
| vs. ) | FILED IN OFFICE THIS |
| ) | |
| ) | DEC 2 2 2005 |
| MARVIN THOMPSON ) | |
| | CHARLES W. STORY |
| | CIRCUIT CLERK |
| | CHAMBERS COUNTY, ALABAMA |

## MOTION FOR DISCOVERY, INSPECTION, AND PRODUCTION

COMES now the defendant, MARVIN THOMPSON, by and through his attorney, and moves this Honorable Court pursuant to Rule 16 of the Alabama Rules of Criminal Procedure, to order the State's Attorney to permit the undersigned to inspect and to copy the following items:

i) Any and all written or recorded statements made by the Defendant regarding this case, to any law enforcement officer, official or employee which are within the possession, custody, or control of the State, the existence of which is known to the State's attorney.

ii) Any and all summaries of recorded statements or notes taken based on a monitored conversation between the Defendant and any law enforcement officer, official or employee which are within the possession, custody or control of the State, the existence of which is known to the State's Attorney.

iii) The substance of any oral statements made by the Defendant before or after arrest to any law enforcement officer, official or employee which the Government intends to offer in evidence at the trial.

iv) A copy of the Defendant's prior criminal record, if any, as is within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the State.

v) Any and all governmental arrest records, including records of federal, state and local police agencies, pertaining to the Defendant and all persons the State plans to call as witnesses in this case.

vi) Any and all evidence tending to exculpate this Defendant.

vii)     All material known to the State or which through due diligence could be learned by the State which is arguably exculpatory in nature or favorable to the accused or which may lead to exculpatory material including but not limited to:

a. evidence reflecting adversely on the credibility of any Government witness; b. evidence obtained from or relating to any Government witness which may be exculpatory in nature; and c. grand jury testimony which may be exculpatory in nature.

viii)    The names, addresses and telephone numbers of any person the State knows to possess relevant information to the charge in the indictment.

ix)     Any and all photographs, videotapes, tangible objects, papers, notes, documents or copies or portions thereof which are in the possession, custody or control of the State, which are material to the preparation of the defense of this case and/or which are intended for use by the State as evidence in chief at the trial which were obtained from or belonged to the Defendant.

x)      Any and all results or reports of scientific tests or experiments, or copies thereof, including but not limited to fingerprint test results which are within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the State's Attorney and which are material to the preparation of the defense or are intended for use by the State as evidence in chief at the trial.

xi)     All logs, transcripts, Court Orders, and/or purported authorizations for any electronic, voice, or wire surveillance conducted in connection with this case or its investigation.

xii)    Copies or transcriptions of the tapes of recorded conversations, if any, by and between the Defendant and any other individual.

xiii)   All promises of immunity, leniency or preferential treatment made by the State to any witness who testified before the Grand Jury and/or who will testify at the trial of this case including but not being limited to, written plea bargain agreements, oral plea bargain agreements, oral and written agreements not to prosecute, oral and written grants of immunity, and oral or written statements to make specific recommendations to the sentencing judge as to any person who is or may be a witness in this case.

xiv)    A copy of all "Jencks Acts" statements of the State's witnesses.

FILED IN OFFICE THIS

DEC 2 2 2005

CHARLES W. STO...

Respectfully submitted,

_____
BRETT L. DEAN (DEA025)
ATTORNEY FOR DEFENDANT

OF COUNSEL:

BRENT L. DEAN
ATTORNEY AT LAW

The Law Center
9 LaFayette Street North
LaFayette, Alabama 36862
p (334) 864-5293
f (334) 864-5300

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Hon. E. Paul Jones, District Attorney, Chambers County, by depositing the same, postage prepaid, United States Mail, at his proper mailing address of P.O. Box 609, LaFayette, Alabama 36862.

This the 22 day of Dec 2005.

BRENT L. DEAN (DEA025)

FILED IN OFFICE THIS

DEC 2 2 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

IN THE DISTRICT COURT OF CHAMBERS COUNTY, ALABAMA

STATE OF ALABAMA )
)  CASE NO:DC-2005-200686
)
vs. )
)
)
)
MARVIN THOMPSON )
)

## MOTION TO TRANSFER

COMES NOW the defendant, by and through counsel, and moves this court to transfer the above styled action to circuit court and as grounds therefore, states as follows:

1. The above styled case is a misdemeanor charge of obstructing governmental operations.

2. The misdemeanor charge is accompanied by a felony charge styled DC-2005-200685 which all arose from the same arrest and subsequent search of the defendant and his vehicle.

WHEREFORE, the defendant respectfully requests that the above-styled action be transferred to accompany the companion felony charges.

Respectfully submitted,

_____
BRENT L. DEAN (DEA025)
ATTORNEY FOR DEFENDANT

FILED IN OFFICE THIS

DEC 2 2 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

IN THE DISTRICT COURT OF
CHAMBERS COUNTY, ALABAMA

STATE OF ALABAMA     :
  Plaintiff      :
          :
v.          : Case No. CC-06-339
          :
MARVIN THOMPSON     :
  Defendant      :
          :

**MOTION FOR SUPPRESSION OF EVIDENCE, AND REQUEST FOR HEARING**

  COMES NOW Defendant Marvin Thompson, pro se, and respectfully moves this Honorable Court pursuant to the below listed authorities due to willful failure to file on behalf of the previous appointed counsel, and states in support thereof his motion:

1. Defendant moves this Court for the supression of all relevant materials contained in evidence due to the unlawful detainment of the Defendant and the passanger of this vehicle by municipal police (law enforcement) officers.

2. Direct and willful violation of the Defendants Fourth Amendment rights against unlawful search and seizure. Under the automobile exception to the general requirement that a search warrant be obtained, the police [law enforcement] are only excused from obtaining a warrant when they have probable cause to believe that a vehicle they have stopped contains the evidence of a crime. The officers Lt. Wood, and Officer Clark, did not possess a resonable belief based on specific and articulable facts which, when taken together with rational inference from these facts that this defendant and his passenger were or in any way participating in illegal activities, or in the possession of any illegal contraband to give the threshold upon which to search the defendants person, or vehicle without first obtaining a lawful search warrant.

3.    Lt. Wood, and officer Clark acting without lawfulness to justify their actions, other than the mere harassment of the defendant, and his passengers, did use their position as law enforcement officials, drew their weapons and proceeded to intimidate the defendant and his passengers for a "traffic - violation". Common knowledge of law enforcemetn policies and procedures state that the only time a service weapon is to be drawn is when the officer feels his life or the life of another person is directly in jeopardy; or on any felony traffic stop, with the assistance of additional resources [i.e. backup].

4.    After using unnecessary force to intimidate the defendant and his paasengers the officers proceeded to search the defendants vehicle unlawfully, without consent, and without probable cause that it would contain contraband.

5.    Before searching the vehicle the officers did violate the rights of the defendant and his passengers by using their position of authority to insure that the defendant could not inform his passangers of their right to remain quiet, and not to say anything to the officers.

6.    After causing the defendant to "interfere with government operations" by telling him to "shut up" and to "not say anything to his passengers" when he was exercising his First Amendment right to the freedom of speech, to inform the other occupants of the vehicle that they were not required to say anything or to even speak to the officers, used this retalitory charge of "interference with government operations" as a precursor to unlawfully search the defendants vehicle.

7.    A Seizure occures when a person is detained agaisnt his or her will and is unable to freely move about with some undue restriction to their movement. From the initial contact with these officers the defendant and his passengers were seized within the meaning of the Fourth Amendment and as such this seziure is unlawful as it was and is based on a government created crime "intereference with government operations" which in no way relates to the initial reason given for approaching the defendant and his vehicle.

8.  The prohibition of the Fourth Amendment against searchs and seizures not supported by some objective justification governs all seizures of the person including seizures involving only a brief detention short of a traditional arrest. <u>Smith v. Ohio</u>, 494 U.S. 541, 110 S.Ct. 1288, 108 L.Ed. 464 (1990); <u>U.S. v. Willis</u>, 37 F.3d 313, 7th Cir (1994).

9.  Probable cause to justify a search must be determined by the existence of <u>facts known</u> to the officer before, not after the search, i.e. events leading up to the search to give one a resonable suspicion that contraband of some kind might be found.

10. Even if the court found that the officers actions were not against the course of the common law and that a nexus did exist their seziure of any evidecne would fall under the fruit of a poisinous tree doctrine, as there was only probable cause to cite the defendant for illegally parking his vehcicle, not what the officers would use to pat search the defendant, of "interference of government opperations." These officers when 'arresting' the defendant for his "interference" conducted a pat frisk search and recovered no contraband of any kind off of the defendants person.

11. After the defendant refused to grant permission to search his vehicle, while the passenger was still at the scene, called in for a k-9 unit, to conduct a sniff search, this alone is outside the scope of their initial investigatory stop for an illegally parked vehicle.

12. The court must on de novo review look at the resonableness and the time sequence of the initial stop to when the officers arrested the defendant on an "obstruction" charge, when they were only within the realms of their initial proceedings allowed to cite the defendant for illegally parking his vehicle. A seizure occures when luggage is detained in order for such a sniff to be conducted, Thus a law enforcement officer who detains luggage, or a vehicle while locating a narcotics detection dog, must at least have resonable suspicion based on specific and articulable facts that the bag, vehicle, or person contains the

4.

contraband. Furthermore, the detention of a passnegers bags without a warrant constitutes an unresonable search when the government fails to act diligently in obtaining a dog. (Amer. Juris. §8)

13   There being no nexus to criminal activity, or contraband on the person of the defendant, the officers lacked sufficient evidence to search the defendants vehicle and subsequently "find" any contraband.

WHEREFOER For the forgoing reasons the Defendant Marvin C. Thompson respectfully moves this Honorable Court for the suppression of the evidence obtained by unlawful search and seziure from the defendants vehicle by Lt. Woods.

        Submitted on this ____ day of _____ 2007

        Respectfully Submitted

        Marvin C. Thompson, pro se
        Register No. 84302-020
        Federal Correctional Institute
        FCI OAKDALE
        Po Box 5000
        Oakdale, Louisiana 71463

*Motion Sent in early March*

# Brent L. Dean
### Attorney at Law

The Law Center
9 LaFayette Street North
LaFayette, Alabama 36862

Phone: (334) 864-5293
Fax: (334) 864-5300
deanlaw@bellsouth.net

November 27, 2006

Marvin Thompson #84302020
Oakdale Federal Correctional Institution
P.O. Box 5000
Vernon Unit 2
Oakdale, LA 71463

Dear Mr. Thompson:

    Your case here is at a standstill until you are released. The judge will not hear anything without your presence. There is a plea offer from the district attorney for 13 months probation but the judge will not take a plea without your presence. I will keep a copy of the plea offer in the file so you will have it once you are released.

    You have failed to live up to your end of the deal for my representation. You have paid $1600.00 and that's it. I am now very upside down in this case and will file a motion to withdraw. The cost of the transcript of your preliminary hearing was $190.10 which I paid out of my own pocket. I will be glad to send you a copy once I receive payment for the transcript. A copy of the bill is enclosed.

Sincerely,



Brent L. Dean

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

STATE OF ALABAMA, )
    Plaintiff, )
)
vs. )
) Case No. CC-06-339
MARVIN THOMPSON, )
    Defendant. )
)

## ORDER

This matter coming before the Court on a Motion to Withdraw filed by Brent L. Dean and the Court having considered the same, it is ORDERED that said motion is GRANTED. Mr. Brent L. Dean is allowed to withdraw as counsel for the Defendant.

The Clerk of the Court is directed to mail a copy of this Order to the Office of the District Attorney, Mr. Brent L. Dean and to the Defendant.

DONE this the 5th day of December, 2006.

_____
TOM F. YOUNG, JR.
Circuit Judge



FILED IN OFFICE THIS

DEC 5 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br>Plaintiff,<br><br>vs.<br><br>MARVIN THOMPSON,<br>Defendant. | )<br>)<br>)<br>)   Case No. CC-06-339<br>)<br>)<br>) |

### ORDER

Upon Motion for Appointment of Counsel filed pro se by the Defendant, it is Ordered that Mr. Roland Sledge, Attorney at Law, is hereby appointed to represent the Defendant in these proceedings. The Motion for Discovery filed by the Defendant, pro se, shall be forwarded to defense counsel for review.

The Clerk of the Court is to mail a copy of this Order to the Office of the District Attorney and to Mr. Roland Sledge.

SIGNED this 2nd day of February, 2007.

_____
TOM F. YOUNG, JR.
Circuit Judge



FILED IN OFFICE THIS

FEB 5 2007

CHARLES W STORY
CIRCUIT CLERK
CHAMBERS COUNTY ALABAMA

DA, SO, jail, prob Dept, R. Sledge, M. Thompson,