IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:07-CV-299-MHT |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a petition for writ of mandamus filed by Marvin Thompson ["Thompson"], a federal inmate presently confined at the Oakdale Federal Correctional Institution in Oakdale, Louisiana awaiting trial on criminal charges lodged against him by the Circuit Court of Chambers County, Alabama. In this petition, Thompson requests that this court issue an order requiring that the state court rule on various motions pending before it.

Upon review of the petition for writ of mandamus, the court concludes that it is without authority to grant the requested relief.

**DISCUSSION**

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a

district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this court has no mandamus jurisdiction over the Circuit Court of Chambers County, Alabama or the circuit judges employed in such circuit and, therefore, lacks authority to compel the action Thompson requests. In light of the foregoing, the court concludes that this case is due to be dismissed for lack of jurisdiction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of mandamus filed by Marvin Thompson be DISMISSED for lack of jurisdiction.

It is further

ORDERED that on or before June 20, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of June, 2007.

    /s/ Terry F. Moorer  
    TERRY F. MOORER  
    UNITED STATES MAGISTRATE JUDGE